**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 26, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JASON RAY PRINCE,

    Defendant - Appellant.

No. 23-6144
(D.C. No. 5:21-CR-00349-F-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **EID**, and **FEDERICO**, Circuit Judges.
_____

Jason Prince appeals the district court's imposition of a 12-month sentence of

imprisonment after he pleaded guilty to possession of firearms while subject to a

protective order in violation of 18 U.S.C. § 922(g)(8).  We have jurisdiction under

18 U.S.C. § 3742 and 28 U.S.C. § 1291 and affirm.

Mr. Prince possessed eleven rifles and two handguns at his residence.  A grand

jury returned a two-count indictment for (1) possession of firearms while subject to a

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

protective order, *see* 18 U.S.C. § 922(g)(8), and (2) possession of firearms by a person convicted of misdemeanor domestic violence, *see id.* § 922(g)(9). He pleaded guilty to count 1, and the government dismissed count 2.

The United States Probation Department issued a presentence investigation report (PSR). The PSR calculated an advisory range under the United States Sentencing Guidelines (U.S.S.G.) of 24 to 30 months' imprisonment. The Probation Department declined to apply U.S.S.G. § 2K2.1(b)(2) in the PSR, which decreases the offense level "[i]f the defendant . . . possessed all ammunition and firearms solely for lawful sporting purposes or collection, and did not unlawfully discharge or otherwise unlawfully use such firearms or ammunition," but it nonetheless advised that if the district court did apply § 2K2.1(b)(2), Mr. Prince's resulting Guidelines range would be 0 to 6 months' imprisonment.

At sentencing, the United States agreed with Mr. Prince that § 2K2.1(b)(2) should apply, and the court applied it, thereby reducing the sentencing Guidelines range to 0 to 6 months. But, in considering the factors in 18 U.S.C. § 3553(a), the court concluded an upward variance was appropriate. The court therefore sentenced Mr. Prince to 12 months' imprisonment. This timely appeal followed.[1]

---

[1] Mr. Prince waived his appellate rights as to his conviction and sentence in his plea agreement, but he expressly reserved his "right to appeal specifically the substantive reasonableness of [his] sentence" if, as here, "the sentence is above the advisory Guidelines range determined by the Court to apply to [his] case." R. vol. 1 at 35–36.

2

"We review the substantive reasonableness of a sentence for abuse of discretion." *United States v. Kaspereit*, 994 F.3d 1202, 1207 (10th Cir 2021).  Under this standard of review, "we will give substantial deference to the district court's determination and overturn a sentence as substantively unreasonable only if it is arbitrary, capricious, whimsical, or manifestly unjust." *Id.*

Mr. Prince argues his sentence is substantively unreasonable.  He emphasizes that his possession of firearms was for sporting purposes or collection, the conduct leading to the protective orders that made it illegal for him to possess firearms was from long ago, and his 12-month sentence is twice the length of the maximum sentence applicable to him under the Guidelines.  But the record shows the district court already considered Mr. Prince's entreaties for leniency along these lines.  To the extent it applied § 2K2.1(b)(2), it agreed with Mr. Prince's arguments.  And although Mr. Prince characterizes his sentence as a major variance to "twice the maximum [G]uidelines sentence," Aplt. Opening Br. at 6, "deviations from the Guidelines range will always appear more extreme—in percentage terms—when the range itself is low." *Gall v. United States*, 552 U.S. 38, 47–48 (2007).  We cannot, on this record, conclude the district court's sentence was "arbitrary, capricious,

whimsical, or manifestly unjust," *Kaspereit*, 994 F.3d at 1207, so we affirm its

judgment.

Entered for the Court

Allison H. Eid
Circuit Judge